## Case No. 15,345.

### UNITED STATES v. HEMMER et al.

[4 Mason, 105.] [1]

Circuit Court, D Massachusetts. Oct. Term, 1825.

REVOLT OF SEAMEN—CONFINEMENT OF MASTER—CONSPIRACY.

1. A confinement of the master within the statute of 1790, c. 9, § 12 [1 Stat. 115], is not limited merely to a seizure of the master, and preventing the movements of his body, or to locking up in a particular place, as a cabin or stateroom, but extends to all restraints of personal liberty in freely going about the ship, by present force or threats of bodily injury.

[Cited in U. S. v. Huff, 13 Fed. 641.]

2. A revolt is an usurpation of the authority and command of the ship, and an overthrow of that of the master or commanding officer. Any conspiracy to accomplish such an object, or to resist a lawful command of the master for such purpose, and any endeavor to stir up others of the crew to such resistance, is an endeavor to commit a revolt within the meaning of the same section of the statute.

[Cited in U. S. v. Haines, Case No. 15,272; U. S. v. Peterson, Id. 16,037.]

Indictment: 1. For confining the master of the ship Mentor, on board of which the defendants [Henry Hemmer and others] were seamen: 2. For endeavoring to commit a revolt on board of the same ship. The facts, as they appeared in evidence, are fully detailed in the opinion of the court on the libel for wages by the same seamen, and need not be here repeated. See The Mentor [Case No. 9,427].

Mr. Blake, U. S. Dist. Atty.

Gay & Bassett, for defendants.

STORY, Circuit Justice, in summing up the facts to the jury, said:

The indictment charges two distinct offences: 1. An unlawful confinement of the

---

1. [Reported by William P. Mason, Esq.]

master of the ship: 2. An endeavour to commit a revolt on board of the ship. The language of the act of congress on which the indictment is founded (Act 1790, c. 9, § 12) is, that "if any seamen shall confine the master of any ship or other vessel, or endeavour to make a revolt in such ship," such person or persons shall, on conviction, suffer the punishment prescribed by the act. What is a confinement within the meaning of the statute? I conceive it not to be limited to mere personal restraint by seizing the master and preventing the free movements of his body, nor to imprisonment in any specific place, as locking him in a state-room or cabin. It is equally a confinement, within the statute, to prevent him from free movements about the ship, by force, or intimidation, as by limiting him to walking on a particular part of the deck by terror of bodily injury, or by present force. If he is surrounded, and prevented from moving, where he pleases, according to his rights or duty as master, under threats of force, or if he is restrained from going to any part of the ship by an avowed determination of the crew, or of any part of them, to resist him, and to employ force adequate to prevent it, these fall within the meaning of confinement. They are restraints of his personal liberty, destroying his authority on board of the ship, and compelling him to limit his movements to the space allotted him. The case of U. S. v. Bladen [Case No. 14,606], before Mr. Justice Washington, is directly in point.

As to the other offence, of an endeavor to commit a revolt, it has heretofore come before this court for consideration in several cases. A revolt is, in the sense of the statute, an open rebellion or mutiny. It is an usurpation of the authority and command of the ship, and an overthrow of that of the master or other commanding officer. Wherever the crew, or any part thereof, take possession of the vessel against the will, and in defiance of the authority of the master, or put another person in command, and control her navigation against his will or orders; that is a revolt. And any act done with intent to accomplish such an object is an endeavor to commit a revolt. If the crew, or a part thereof, conspire to refuse to do any further duty on board, and to disobey all further orders of the master, with a view to compel him to yield up the command of the ship, or to grant to them any allowance inconsistent with his duty as master, or to prevent him from exercising his lawful authority in the navigation, management, or police of the ship, it is an endeavor to commit a revolt. And a general conspiracy or combination among the crew, or a part thereof, to resist a single lawful order of the master, for the like purposes, and any act done in pursuance of such conspiracy or combination, and any endeavor to stir up others of the crew to such resistance, would, in my opinion, fall within the same predicament. In this exposition of the stat-

ute, I am authorised to say, that the district judge also concurs. See U. S. v. Smith [Case No. 16,337]; The Exeter, 2 C. Rob. Adm. 261, and particularly under page 273; U. S. v. Sharp [Case No. 16,264]; U. S. v. Bladen [supra].

The defendants were found guilty.

NOTE. The case of U. S. v. Kelly, 11 Wheat. [24 U. S.] 419, may be thought to narrow the doctrine here stated as to endeavors to commit a revolt. But it is understood, that such was not the intention of the court; and that the language employed was not designed to exclude cases, where the endeavor is to obstruct or prevent the master from the free exercise of his command on board, in any thing touching the management, police, or navigation of the ship.